```
ERSKINE & TULLEY
A PROFESSIONAL CORPORATION
MICHAEL J. CARROLL (STATE BAR #50246)
220 Montgomery Street, Suite 303
San Francisco, CA 94104
Telephone:   (415) 392-5431
Facsimile:   (415) 392-1978

Attorneys for Plaintiffs
```

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

```
BOARD OF TRUSTEES OF THE AUTOMOTIVE     )   CV 08  NO. ____1292____
INDUSTRIES WELFARE FUND, AUTOMOTIVE     )
INDUSTRIES PENSION FUND; JIM BENO,      )
TRUSTEE,                                )
                                        )   COMPLAINT
              Plaintiffs,               )            VRW
                                        )
       vs.                              )
                                        )
OMEGA TANK AND TRUCK REPAIR, INC.,      )
a California corporation,               )
                                        )
              Defendant.                )
_____)
```

Plaintiffs complain of defendant and for a cause of action allege that:

1. Jurisdiction of this Court is founded upon Section 301(c)(1) of the National Labor Relations Act of 1947 [29 U.S.C. §185(a)] and Section 502 of the Employee Retirement Income Security Act of 1974, said Act being hereinafter referred to as "ERISA" (29 U.S.C. §1132), in that defendant has violated a collective bargaining agreement and certain Trust Agreements, thereby violating provisions of ERISA and the provisions of the National Labor Relations Act of

COMPLAINT
1

1 | 1947. This action is also brought pursuant to the Federal Declaratory
2 | Judgment Act (28 U.S.C. § 2201 et seq.) in a case of actual
3 | controversy between plaintiffs and defendant, and for a Judgment that
4 | defendant pay fringe benefit contributions in accordance with its
5 | contractual obligations.
6 |        2.   Plaintiffs, BOARD OF TRUSTEES OF THE AUTOMOTIVE
7 | INDUSTRIES WELFARE FUND, AUTOMOTIVE INDUSTRIES PENSION FUND,
8 | (hereinafter "TRUST FUNDS"), named in the caption, are trustees of
9 | employee benefit plans within the meaning of §§3(1) and (3) and
10 | §502(d)(1) of ERISA, 29 U.S.C. §1002(1) and (3) and §1132(d)(1), and
11 | a multi employer plan within the meaning of §§3(37) and 515 of ERISA,
12 | 29 U.S.C. §§1002(37) and §1145.  Plaintiff JIM BENO is a Trustee.
13 | Said TRUST FUNDS are authorized to maintain suit as independent legal
14 | entities under §502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).
15 |        3.   Plaintiffs are informed and believe and thereupon
16 | allege that defendant, OMEGA TANK AND REPAIR, INC., is found and is
17 | doing business in this judicial district.
18 |        4.   Each and every defendant herein is the agent of each
19 | and every other defendant herein.  Defendant and each of them are
20 | engaged in commerce or in an industry affecting commerce.
21 |        5.   At all times pertinent hereto defendant was bound by
22 | written collective bargaining agreements with East Bay Automotive
23 | Machinists Local Lodge 2182, a labor organization in an industry
24 | affecting commerce.  The aforesaid agreements provide that defendant
25 | shall make contributions to the TRUST FUNDS on behalf of defendant's
26 | employees on a regular basis on all hours worked, and that defendant
27 | shall be bound to and abide by all the provisions of the Trust
28 | Agreements.

6. Defendant has breached both the provisions of the collective bargaining agreements and the Trust Agreements above referred to by failing to complete and send in monthly reports and/or to pay all moneys due thereunder on behalf of defendant's employees to the TRUST FUNDS. Said breach constitutes a violation of ERISA (29 U.S.C. 1002, et seq.) and of the National Labor Relations Act of 1947.

7. Pursuant to the terms of the collective bargaining agreements there is now due, owing and unpaid from defendant to the TRUST FUNDS contributions for hours worked by covered employees found due by a payroll audit for the period January 1, 2003 through December 31, 2006 and liquidated damages, interest and testing fees which are specifically provided for by said agreements. The total amount due is $17,202.29; additional amounts may become due during the course of this litigation and in the interest of judicial economy, recovery of said sums will be sought in this case. Interest is due and owing on all principal amounts due and unpaid at the legal rate from the dates on which the principal amounts due accrued.

8. Demand has been made upon said defendant, but defendant has failed and refused to pay the amounts due the TRUST FUNDS or any part thereof; and there is still due, owing and unpaid from defendant the amounts set forth in Paragraph 7 above.

9. An actual controversy exists between plaintiffs and defendant in that plaintiffs contend that plaintiffs are entitled to a timely monthly payment of trust fund contributions now and in the future pursuant to the collective bargaining agreements and the Trust Agreement, and defendant refuses to make such payments in a timely manner.

10. The Trust Fund does not at this time seek to audit the

books and records of defendant. The only issue raised in this complaint is defendant's failure to pay the correct amount of contributions due. The Trust Fund seeks to obtain a judgment for any outstanding delinquent contributions based on defendant's reports and to reserve the right to audit defendant for this or any other unaudited period.

11. The Trust Agreement provides that, in the event suit is instituted to enforce payments due thereunder, the defendant shall pay court costs and a reasonable attorneys' fee. It has been necessary for plaintiffs to employ ERSKINE & TULLEY, A PROFESSIONAL CORPORATION, as attorneys to prosecute the within action, and a reasonable attorneys' fee should be allowed by the Court on account of the employment by plaintiff of said attorneys.

WHEREFORE, plaintiff prays:

1. That the Court render a judgment on behalf of plaintiffs for all contributions due and owing to the date of judgment, plus liquidated damages provided for by the contract, interest at the legal rate, testing fees, reasonable attorneys' fees incurred in prosecuting this action and costs.

2. That the Court enjoin the defendant from violating the terms of the collective bargaining agreement and the Trust Agreements for the full period for which defendant is contractually bound to file reports and pay contributions to the TRUST FUNDS.

3. That the Court reserve plaintiffs' contractual right to audit defendant for months prior to judgment, and in the event of such audit, collect any additional sums which may be due.

4. That the Court retain jurisdiction of this cause pending compliance with its orders.

5. For such other and further relief as the Court deems just and proper.

DATED: March 4, 2008

ERSKINE & TULLEY
A PROFESSIONAL CORPORATION

By: _____
Michael J. Carroll
Attorneys for Plaintiffs

COMPLAINT
5

JS 44 - NO. CALIF.
(Rev. 4/97)

**CIVIL COVER SHEET**

Case 3:08-cv-01292-VRW   Document 1-2   Filed 03/05/2008   Page 1 of 1

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
BOARD OF TRUSTEES OF THE AUTOMOTIVE INDUSTRIES WELFARE FUND, AUTOMOTIVE INDUSTRIES PENSION FUND, JIM BENO, TRUSTEE,

**DEFENDANTS**
OMEGA TANK AND TRUCK REPAIR, INC., a California corporation,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: ALAMEDA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
ERSKINE & TULLEY
220 Montgomery Street, Suite 303
San Francisco, CA 94104
(415) 392-5431

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 610 Selective Service |
| | ☐ 340 Marine | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / PERSONAL PROPERTY / ☐ 370 Other Fraud / ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | **FEDERAL TAX SUITS** | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Section 502 of the Employee Retirement Income Security Act [29 U.S.C. §1132]. This action seeks to compel defendants to pay delinquent trust fund contributions pursuant to the collective bargaining agreement and other agreements executed by defendants and Automotive Unions

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23   DEMAND $ _____   CHECK YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE."

**IX. DIVISIONAL ASSIGNMENT** (CIVIL L.R. 3-2) (PLACE AN "X" IN ONE BOX ONLY)   ☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE: 3-3-08
SIGNATURE OF ATTORNEY OF RECORD: Michael J. Carroll (St. Bar #50246)

★ U.S. GPO: 1997-586-230/79253